UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RENE RAMATHAL,<br><br>Plaintiff,<br><br>vs.<br><br>HONOLULU POLICE DEPARTMENT,<br><br>Defendant. | CIV. NO. 25-00428 LEK-WRP |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

Before this Court is Defendant Honolulu Police Department's ("Defendant") Motion to Dismiss for Failure to Prosecute ("Motion") filed on May 22, 2026. [Dkt. no. 20.] Plaintiff Rene Ramathal ("Plaintiff") did not file a response to the Motion. The Motion is suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). On July 20, 2026, this Court issued an entering order informing the parties that the Motion was granted ("7/20 EO"). [Dkt. no. 26.] The instant Order supersedes that entering order. Defendant's Motion is granted for the reasons set forth below.

**BACKGROUND**

Plaintiff filed a Complaint for Violation of Civil Rights ("Complaint") on October 5, 2025. [Dkt. no. 1.] Plaintiff

alleges that he was arrested on December 11, 2023 by officers dressed in Honolulu Police Department uniforms. The officers allegedly used excessive force during the arrest. [Complaint at § II.D.] The Complaint asserts a Title 42 United States Code Section 1983 claim alleging a violation of Plaintiff's due process rights. [Id. at §§ II.A-B.]

On February 27, 2026, Defendant filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Dkt. no. 10.] On March 12, 2026, this Court approved and filed the parties' stipulation that permitted Plaintiff to file an amended complaint without a ruling on Defendant's motion to dismiss the Complaint ("Stipulation"). [Dkt. no. 12.] The parties agreed that Plaintiff would file the amended complaint within ten business days after the approval of the Stipulation, *i.e.*, by March 27, 2026. See Stipulation at 2.

Plaintiff failed to either file the amended complaint or request an extension of the March 27, 2026 deadline. Plaintiff later stated that he would file the amended complaint by April 15, 2026. See Plaintiff's Scheduling Conference Statement, filed 4/4/26 (dkt. no. 15), at PageID.46. Although it is not clear from the record, this Court assumes that the magistrate judge approved Plaintiff's request to extend the deadline to file the amended complaint to April 15, 2026.

Plaintiff, however, neither filed the amended complaint nor requested another extension by the April 15, 2026 deadline.

The instant Motion includes a May 13, 2026 email from Defendant's counsel to Plaintiff's counsel, stating that Defendant would file the appropriate motion if Plaintiff failed to file the amended complaint by May 21, 2026. See Motion, Declaration of Counsel at ¶ 10; id., Exh. 3. By the time Defendant filed the Motion, Plaintiff had neither filed an amended complaint nor requested additional time to do so.

On June 22, 2026, this Court issued an entering order noting that Plaintiff failed to file a response to the Motion by the June 9, 2026 deadline. [Dkt. no. 22.] This Court: construed Plaintiff's failure to respond to the Motion as an indication that Plaintiff does not oppose the dismissal of the case; vacated the scheduled hearing on the Motion; and stated an inclination to grant the Motion. [Id.]

On June 29, 2026, Plaintiff filed a document titled "Amended Complaint for Violation of Civil Rights." [Dkt. no. 23.] Under Federal Rule of Civil Procedure 15(a)(1), Plaintiff could have amended his Complaint "once as a matter of course" within "21 days after serving it" or "21 days after service of a motion under Rule 12(b)." See Fed. R. Civ. P. 15(a)(1)(A), (B). Because neither situation applied at that time, docket number 23 was construed as Plaintiff's **proposed**

amended complaint and Plaintiff was ordered to file a motion for leave to file an amended complaint ("Motion for Leave") by July 16, 2026. See Minute Order - EO: Order Construing Plaintiff's Amended Complaint for Violation of Civil Rights, [Filed 6/29/26 (Dkt. No. 23),] as a Proposed Amended Complaint, filed 7/2/26 (dkt. no. 25) ("7/2 EO"), at PageID.114; see also Local Rule LR10.4 ("A motion . . . to amend a pleading shall be accompanied by the proposed amended pleading in redline format . . . .").

The 7/20 EO noted that Plaintiff had neither filed a Motion for Leave nor filed a motion for an extension of the deadline. The proposed amended complaint was stricken, and the parties were informed that the Motion was granted. [Dkt. no. 26.]

**DISCUSSION**

> Pursuant to Rule 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'" Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010), *rev'd on other grounds*, Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020). The Court has the "inherent power" to dismiss an action under Rule 41(b) due to a plaintiff's failure to prosecute or comply with a court order. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (internal citation omitted); Henderson v. Duncan, 779 F.2d 1421, 1425 (9th Cir. 1986).

> In deciding whether a dismissal is warranted pursuant to Rule 41(b), the Court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead, 594 F.3d at 1084 (internal citations omitted).

Gonzalez Cordova v. Solis, Case No. CV 24-0073 JGB(MAAx), 2025 WL 2670877, at *4 (C.D. Cal. July 17, 2025).

The fourth factor, the public policy favoring a decision on the merits of a case, weighs against dismissal in this case. See Omstead, 594 F.3d at 1084. However, all of the other factors weigh in favor of dismissal.

First, "the public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).[1]

As to the second factor, this case has been pending for over ten months, and approximately five months have passed since the agreed-upon deadline for the filing of Plaintiff's amended complaint. See Stipulation at 2. During those five

---

[1] Yourish has been superseded by statute on other grounds. See, e.g., Russell v. United States, Case No.: 21cv1029-LL-MDD, 2023 WL 2919319, at *3 (S.D. Cal. Apr. 12, 2023). The district court in Yourish dismissed the plaintiffs' case because they failed to comply with an order to file an amended complaint. See 191 F.3d at 986. The Ninth Circuit Court of Appeals applied the same factors as the ones stated in Omstead. See id. at 990. The Ninth Circuit noted that "dismissal for failure to prosecute" was a "closely-related context." See id. at 991.

months, Defendant, the magistrate judge, and this Court have given Plaintiff multiple opportunities to file an amended complaint that complied with the applicable rules, but Plaintiff has not taken advantage of those opportunities. See *supra* Background Section. The instant case is "an example of a 'case [consuming resources as it] sit[s] idly on the court's docket.'" See Gonzalez Cordova, 2025 WL 2670877, at *4 (alterations in Gonzalez Cordova) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004)). This Court therefore finds that the second Omstead factor, this Court's need to manage the docket, weighs in favor of dismissal.

As to the third factor, the mere fact that the case would remain pending against Defendant if the Motion is denied "is not sufficiently prejudicial itself to warrant dismissal." See Yourish, 191 F.3d at 991 (citing Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984) ("Cvetkov argues that the mere pendency of a law suit is prejudicial. While it may be prejudicial, it cannot, by itself, be considered prejudicial enough to warrant dismissal. . . . Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays.")). In Yourish, the Ninth Circuit noted "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely amend."

Id. (citing Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987) (indicating that "we place particular reliance on the district court's determination that Malone's excuse for her conduct was groundless" because "[w]hether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default")). In the instant case, Plaintiff has not offered any reason either for his failure to file an amended complaint or for his subsequent failure to file a Motion for Leave. This Court therefore finds that, under the circumstances of this case, allowing Plaintiff to proceed at this time would create an undue risk of prejudice to Defendant.

Finally, the availability of less drastic alternatives must be considered. The magistrate judge and Defendant gave Plaintiff additional time to file his amended complaint. After those deadlines had passed and Defendant filed the instant Motion, Plaintiff filed what was construed as a proposed amended complaint, and Plaintiff was ordered to file a Motion for Leave. Again, Plaintiff failed to either file a Motion for Leave or seek an extension of his deadline to file a Motion for Leave. Under the circumstances of this case, there is no less drastic alternative that will effectively move this case forward. This Court therefore finds that the fifth Omstead factor weighs in favor of dismissal.

After weighing the Omstead factors, this Court finds that the first, second, third, and fifth factors weigh in favor of dismissal, and these factors outweigh the fourth factor. Plaintiff's Complaint is therefore dismissed for failure to prosecute. The dismissal is without prejudice to the filing of a new action asserting the claims that Plaintiff attempted to assert in this case. See Ash, 739 F.2d at 497 ("dismissal without prejudice is a more easily justified sanction for failure to prosecute"). This Court makes no findings or conclusions regarding the merits of Plaintiff's claims, nor does this Court make any findings or conclusions regarding Plaintiff's likelihood of success if he files a new action.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss for Failure to Prosecute, filed May 22, 2026, is GRANTED, and Plaintiff's Complaint for Violation of Civil Rights, filed October 5, 2025, is DISMISSED. The dismissal is WITHOUT PREJUDICE to the filing of a new action.

The Clerk's Office is DIRECTED to enter judgment in favor of Defendant and close this case immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 26 2026.

/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge